UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | NO. 3:10-cr-260 (12) |
| ) | JUDGE HAYNES |
| ) | |
| FATAH HAJI HASHI (12) ) | |

**DEFENDANT FATAH HAJI HASHI'S MOTION IN LIMINE TO EXCLUDE FINGERPRINT EVIDENCE AND SUPPORTING MEMORANDUM**

Comes now Fatah Haji Hashi, by and through court appointed counsel pursuant to the Due Process Clause of the 5th Amendment to the United States Constitution, and moves this Honorable Court to exclude from the trial of this case any expert testimony of fingerprint evidence proffered to identify Defendant Fatah Haji Hashi. In support of this Motion, counsel for Defendant Hashi submits the following:

**STATEMENT OF FACTS**

Defendant Hashi anticipates that during trial, the government intends to introduce identification evidence that Defendant Fatah Hashi was one of the four passengers in a stopped vehicle, one of whom was Jane Doe Two. The government alleges in Paragraph 20 of the Second Superseding Indictment that defendants Hassan Dahir, Fatah Hashi, and Yassin Yusuf "drove Jane Doe Two from the Minneapolis, Minnesota, metropolitan area to Rochester, Minnesota, for the purpose of charging persons money to engage in sex with Jane Doe Two." (Docket Entry no. 591). (An uncharged minor was identified as the driver.)

Further, Defendant Hashi anticipates that the government intends to introduce testimony that on May 8, 2007, Sergeant Pingel of the Rochester Police Department stopped a gray Plymouth exiting a Kwik Trip convenience store in Rochester, Minnesota. Rochester Police

*Handwritten annotation (judge's order):* ORDER Based upon the proof of validation of IBIS, this motion is DENIED. The defense's challenge can be offered at trial on the probative value of IBIS. The proof on IBIS is not sufficient under Daubert. /s/ [signature] WJH 3-6-12